UNITED STATES DISTCT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT A. DADDARIO,<br><br>                      Plaintiff<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                      Defendant | Civil Action No.: |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is a civil complaint seeking statutory and punitive damages against Midland Credit Management, Inc., a debt collector, for violations of the Federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and the Connecticut Unfair Trade Practices Act.

### PARTIES

1. The plaintiff, Robert A. Daddario ("Daddario") is an individual who resides in Suffield, Connecticut.

2. The defendant, Midland Credit Management, Inc. ("Midland") is a Kansas corporation with offices at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3. Midland has an agent for service at Corporation Services Company, 50 Weston Street, Hartford, Connecticut 06120-1537.

## JURISDICTION

4. Jurisdiction is appropriate in the United States District Court pursuant to 15 U.S.C. 1692k, including pendant state claims.

## FACTS

5. On some date prior to September 11, 2012, Daddario received a notice from Midland that Midland was attempting to collect a debt from Daddario.

6. At the time of this notice, Midland was a "debt collector" pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a.

7. Daddario is not liable for the debt for which Midland sought collection and has previously advised Midland that the debt in question is that of a different "Robert Daddario."

8. Midland has acknowledged its belief that the correct obligor under the debt is not the plaintiff, Daddario, but a different Robert Daddario.

9. On September 11, 2012, Daddario sent a demand to Midland seeking validation of the debt and other information pursuant to 15 U.S.C. 1692g(b).

10. In response to the September 11, 2012 demand by Daddario, Midland forwarded certain information but did not provide all of the information required by 15 U.S.C. 1692g(b).

11. Thereafter, on October 17, 2012 Midland reported the alleged debt to a consumer reporting agency or agencies under Daddario's name and social security number.

12. When Midland reported the debt to the consumer reporting agency or agencies against Daddario's account, Midland knew that the debt was not Daddario's but was of a different "Robert Daddario."

13. In addition to providing the information against the wrong "Robert Daddario," Midland also gave inaccurate information as to the date the account was opened, the date of the delinquency and the date the delinquency was first reported.

## COUNT I
## VIOLATION OF FAIR FEDERAL DEBT COLLECTION PRACTICES ACT

14. The plaintiff, Daddario, repeats and realleges paragraphs 1 through 13 of this complaint.

15. The conduct of Midland violated the Federal Debt Collection Practices Act including 15 U.S.C. §1692f, in that Midland attempted to collect a debt from Daddario not authorized by any agreement with Daddario creating the debt.

16. The conduct of Midland violated the Federal Fair Debt Collection Practices Act including 15 U.S.C. 1692e in that Midland misrepresented the amount and legal status of the debt and communicated personal credit information of Daddario which Midland knew to be false.

17. Midland used a false representation or deceptive means to attempt to collect the debt.

**WHEREFORE**, Daddario prays that he be awarded damages against Midland of $1,000.00 plus reasonable attorney's fees and costs.

## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT

18. The plaintiff, Daddario, repeats and realleges paragraphs 1 through 17 of this complaint.

19. Midland by its conduct violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2, including reporting information to a consumer reporting agency with actual knowledge of errors in the information, which Midland knew or had reasonable cause to believe was inaccurate, reporting information after notice and confirmation of errors, with actual knowledge the information was, in fact, inaccurate.

**WHEREFORE,** Daddario prays that he be awarded damages against Midland, including multiple damages, plus attorney's fees, costs and such other relief as this court deems just and reasonable.

## COUNT III
## VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICE ACT
### C.G.S. § 42-110(a), *et seq*

20. The plaintiff, Daddario, repeats and realleges paragraphs 1 through 19 of this complaint.

21. Midland, by attempting to collect a debt from Daddario not authorized by any agreement with Daddario creating the debt, engaged in unfair and deceptive acts and practices in the conduct of trade and commerce, all in violation of the Connecticut Unfair trade Practices act ("CUTPA"), C.G.S. § 42-110B, et seq.

22. Midland, by misrepresenting the amount and legal status of the debt and communicating the personal credit information of Daddario which Midland knew to be false, engaged in unfair and deceptive acts and practices in the conduct of trade and commerce, all in violation of the Connecticut Unfair trade Practices act ("CUTPA"), C.G.S. § 42-110B, et seq.

23. Midland, by using false representations and/or deceptive means to attempt to collect the debt, engaged in unfair and deceptive acts and practices in the conduct of trade and commerce,

all in violation of the Connecticut Unfair trade Practices act ("CUTPA"), C.G.S. § 42-110B, et seq.

24.     Midland, by reporting information to a consumer reporting agency with actual knowledge of errors in the information, which Midland knew or had reasonable cause to believe was inaccurate, engaged in unfair and deceptive acts and practices in the conduct of trade and commerce, all in violation of the Connecticut Unfair trade Practices act ("CUTPA"), C.G.S. § 42-110B, et seq.

25.     Midland, by reporting information to a consumer reporting agency with after notice and confirmation of errors with actual knowledge the information was, in fact, inaccurate, engaged in unfair and deceptive acts and practices in the conduct of trade and commerce, all in violation of the Connecticut Unfair trade Practices act ("CUTPA"), C.G.S. § 42-110B, et seq.

26.     WHEREFORE, Daddario prays that he be awarded damages against Midland for violating CUTPA, including multiple damages, plus attorney's fees, costs and such other relief as this court deems just and reasonable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Dated: September 26, 2013

THE PLAINTIFF,
ROBERT A. DADDARIO,
BY HIS ATTORNEY,

Michael T. Kogut (ct27712)
75 Market Place
Springfield, MA 01103
Tel: 413-348-2167; Fax: 413-739-7168